CHESTER ASHLEY, *ex parte.*

In a proceeding by *quo warranto,* if judgment go against the defendant, he is liable to payment of costs.

And the officers of the court may, in such case, have their fee bills made out and collect them, while the matter is still undetermined.

An officer, however, is not warranted in charging in his fee bill against the defendant, any services rendered at the instance of the plaintiff.

But that there are some illegal charges in the bill is no ground for quashing it. The law furnishes relief in a different way. Besides, he has it in his power to correct any error in the taxation of costs by having them re-taxed by the court, or under its direction.

Where a fee bill is issued in a case not authorized by law, it might, upon a proper application, be superseded; but a motion to quash would be irregular.

Absent, DICKINSON, *Judge.*

This was a motion to quash a fee bill.

RINGO, *Chief Justice,* delivered the opinion of the Court:

At the last term of this court a motion was made by Ashley to quash a fee bill made out against him for the clerk's fees, in the case of the State against him, on a writ of *quo warranto.* In support of the motion it is urged that there is no judgment of ouster or final judgment given in the cause. That the office or franchise, the right of Ashley to exercise which, is in question in said case, is not a place of emolument or profit; and that in cases of *quo warranto* the defendant is not legally liable for costs; and therefore he insists that this fee bill ought to be quashed. It may be and probably is true, that the defendant in such case was not, according to the ancient law on the subject, liable for costs; but however this may have been, we deem it unnecessary to inquire or decide, because, in our opinion, the question as to costs depends entirely upon statutory provisions. The 12th section of the 34th chapter of the Revised Statutes of this State provides that, " if any person shall sue in any action, and shall recover judgment, the plaintiff shall have judgment for costs against the defendant;" and other provisions of the same statute give costs in favor of the suc-

cessful defendant, in all actions where " the plaintiff might have costs in case of judgment in his favor;" and upon a careful examination and consideration of the several statutory provisions relating to the subject, we are satisfied that the same rule, as to the question of costs, applies to and must govern in actions prosecuted by or against the State. And in this respect the result must be the same, without regard to the object for which the action is prosecuted; be that what it may, the party succeeding is entitled to recover his costs, subject only to such exceptions as are provided for by the statutes, none of which apply to, or embrace the case under consideration; and of course, the successful party, upon the final adjudication of the case, will be entitled to a judgment for costs, against his adversary. But the fee bill in question has been made out, while the action is still undetermined, by virtue of the 31st section of the 61st chapter of the Revised Statutes of this State, which provides that "all officers or witnesses entitled to fees by this law, for services rendered in any suit, matter or controversy, depending in any court of record, may make out fee bills for such services, at the end of each term of the court wherein the same is pending, charging the party at whose instance the services were rendered." The 32nd section of the same statute requires such fee bills to be examined by the clerk of the court in which the services were rendered, and if found correct, to be certified by him, and delivered to the Sheriff of the proper county, to be by him collected. The language here used is very comprehensive, and unquestionably applies to the fees of the Clerk for services rendered in this case, but he is not warranted in charging in his fee bill against the defendant any fee for services rendered at the instance of the plaintiff, as he appears to have done in the bill before us. It is also probable that there may be other illegal charges in the bill; yet some of the items charged are legal and properly made out; and a fee bill, in some respects, corresponding with the final process for the collection of costs. We are of opinion that it ought not to be quashed because there are or may be found in it some items illegally charged against Ashley, to whom the law furnishes adequate redress against the clerk, in a different way, for any charge illegally or improperly made therein—besides, he has it in his power to correct any

Chester Ashley, *ex parte.*

error in the taxation of costs against him by the clerk, by causing the same to be retaxed by, or under the direction of the court; and where a fee bill is issued in a case not authorized by law, it might, upon application, be superseded; but a motion to quash would, even in such a case, be irregular. The motion is, therefore, over-ruled.